UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ADRIAN DAMICO MOON**,

    Plaintiff,

v.

**SATAN**, *et al.*,

    Defendants.

No. 25-cv-3988 (TSC)

### ORDER

On January 9, 2026, the court dismissed this case as patently insubstantial because Plaintiff's allegations of a conspiracy against him led by "Satan"—a "spiritual being" also known as "Lucifer da fallen Loser"—were so clearly fanciful as to be absolutely devoid of merit. *See* Opinion & Order, ECF No. 25. Plaintiff has nevertheless inundated the court a slew of additional filings. But because his case is closed, Plaintiff must receive the court's permission to file any motions that were not docketed before January 9. The court **GRANTS** Plaintiff leave to file a single document—ECF No. 31—which the court construes as a Motion for Leave to Appeal *in Forma Pauperis*. As explained below, that Motion for Leave to Appeal *in Forma Pauperis* is hereby **DENIED** because Plaintiff's proposed appeal is patently frivolous, not taken in good faith, and not in compliance with the requirements of Federal Rule of Appellate Procedure 24(a)(1).[1] Plaintiff's remaining requests for leave to file—ECF Nos. 26, 27, 28, 29, 30, 32, 33, 34, 35, and 36—are likewise **DENIED** because they fail to state any cognizable grounds for judicial relief.

---

[1] Consistent with Federal Rule of Appellate Procedure 24(a)(4), the Clerk of the Court shall transmit a copy of this Order to the Clerk of the U.S. Court of Appeals for the D.C. Circuit.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." An appeal is not taken in good faith where the Plaintiff fails to identify a nonfrivolous issue for appeal. *See Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 208 (D.C. Cir. 1997); *see also Schieber v. INS*, 520 F.2d 44, 52 n.34 (D.C. Cir. 1975) ("One who wishes to proceed on appeal in forma pauperis must present a nonfrivolous issue or face dismissal."). "[A] legal claim may be deemed frivolous if it is wholly unsupported by law or facts." *Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998). Plaintiff has failed to identify any nonfrivolous ground for appeal. Plaintiff suggests that the court should not have dismissed his case because the "Main subject matter" of the case is "SNAP payments Denials by defendants !!!" ECF No. 31 at p. 3. But Plaintiff mentioned the denial of SNAP benefits only briefly in his Complaint, when he vaguely alleged that "SATAN et. al." directed the suspension and withholding of his SNAP benefits. *See* Compl. at p. 4, ECF No. 1. Such a clearly fanciful assertion plainly does not amount to a nonfrivolous legal argument. *See Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (explaining that claims are devoid of merit when they rely on "bizarre conspiracy theories" and involve "any sort of supernatural intervention"). Accordingly, the court certifies that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* also fails because it does not meet the requirements of Federal Rule of Appellate Procedure 24(a)(1). Plaintiff has not demonstrated in detail his inability to pay the fees and costs of appeal, nor has he stated the issues that he intends to present on appeal.

Finally, it is "well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Klayman v. Porter*, 104 F.4th 298, 306 (D.C. Cir. 2024) (quoting *Urban v. United Nations*, 768 F.2d 1497,

1500 (D.C. Cir. 1985)).  In particular, the court may issue a pre-filing injunction in "those rare and egregious cases in which the frivolous or harassing nature of a litigant's actions threatens the administration of justice or the integrity of the courts." *Id.* (cleaned up).  Plaintiff's harassing calls, emails, and motions have come dangerously close to crossing this line.  Plaintiff is hereby **WARNED** that if he continues to flood the court with frivolous motions, the court will direct the Clerk of the Court to stop accepting his filings in this case.  Plaintiff is further **WARNED** to stop his harassing calls and emails to members of the court's staff.  Finally, Plaintiff is **ORDERED** to stop putting the court's signature on fake orders that the court never signed.  *See, e.g.*, ECF No. 31-2 at p. 1; ECF No. 35 at pp. 3–4.

    It is **SO ORDERED.**

Date: February 10, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge